UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22085-CIV-MORENO

CELIO MOORE,

        Plaintiff,

vs.

SEVEN SEAS CRUISES S. DE R.I., LLC and
VOYAGER VESSEL COMPANY LLC,

        Defendants.
_____/

## ORDER COMPELLING ARBITRATION

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss and/or Motion for Summary Judgment and Compel Arbitration **(D.E. 3)**, filed on **May 29, 2019**.

THE COURT has considered the motion, the response, the reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Plaintiff is compelled to proceed to arbitration.

### I. Analysis

Plaintiff alleges in his complaint that on or about October 23, 2015, he suffered an ischemic attack while onboard the Seven Seas Voyager ship. In his response, Plaintiff instead admits, for purposes of the motion, that he undertook employment aboard the Voyager on or about November 18, 2015[1]. Defendants assert that Plaintiff's claims are subject to arbitration, because any of his claims on or after November 18, 2015 are subject to the terms and conditions of a Crew Agreement dated November 18, 2015 which they argue is a valid written employment agreement that requires

---

[1] This date puts him within the reach of the Crew Agreement with Seven Seas Services Limited.

Plaintiff to submit his disputes to arbitration under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

International arbitration agreements are subject to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The Convention requires courts of signatory nations, such as the United States, to give effect to private arbitration agreements and to enforce arbitral awards made in signatory nations. Haasbroek v. Princess Cruise Lines, Ltd., 286 F. Supp. 3d 1352, 1356 (S.D. Fla. 2017). The United States enforces its agreement to the Convention's terms through Chapter 2 of the Federal Arbitration Act. See 9 U.S.C. §§ 201–208. The Convention Act "generally establishes a strong presumption in favor of arbitration of international commercial disputes." Trifonov v. MSC Mediterranean Shipping Co. SA, 590 Fed. App'x. 842, 843 (11th Cir. 2014). Relatedly, the Federal Arbitration Act "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1213 (11th Cir. 2011). Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context. Bautista v. Star Cruises, 396 F.3d 1289, 1302 (11th Cir. 2005).

In ruling on a motion to enforce an arbitration agreement under the Convention, a district court conducts a "very limited inquiry." Bautista, 396 F.3d 1289 at 1294–95. A district court must order arbitration unless the four jurisdictional prerequisites are not met, or one of the Convention's affirmative defenses applies. Bautista, 396 F.3d at 1294–95. The jurisdictional prerequisites require that: (1) there is an agreement in writing within the meaning of the Convention; (2) the

agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. Id. Plaintiff only contests the first jurisdictional prerequisite, because he argues that Defendants have not produced a written agreement which calls for Plaintiff to arbitrate his claims against them.

First, the Court finds that Defendants have produced an agreement to arbitrate. Defendants attached a Crew Agreement with Seven Seas Services Limited signed by Plaintiff which governs the terms of his employment commencing on November 18, 2015 onboard the Voyage. By signing said Crew Agreement, Plaintiff agreed to arbitrate his claims and be bound by the terms of the collective bargaining agreement, which includes an arbitration provision.

Next, the Court finds that the arbitration agreement produced satisfies the requirements of the Convention. To satisfy the first prerequisite, the party seeking arbitration must provide "an agreement in writing" in which the parties undertake to submit the dispute to arbitration. Convention, art. II(1); see also Bautista, 396 F.3d at 1300. Agreements in writing include "an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." Convention, art. II(2); see also Escobal v. Celebration Cruise Operator, Inc., No. 11-21791-CV, 2011 WL 13175628, at *2 (S.D. Fla. June 23, 2011). Here, the arbitration agreement satisfies this prerequisite because it is initialed by Plaintiff on each page and signed on the last page. Accordingly, the document satisfies the only jurisdictional prerequisite in question.

## II. Conclusion

For the foregoing reasons, the Court finds that there is an agreement to arbitrate and that the Motion to Compel Arbitration is GRANTED. Plaintiff is compelled to proceed to arbitration as established by the terms of his Employment Agreement. It is also

ADJUDGED that the:

(1) The Clerk of this Court shall mark this cause as closed for statistical purposes and place the matter in a civil suspense file.

(2) The Court shall retain jurisdiction and the case shall be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition.

(3) This Order shall not prejudice the rights of the parties to this litigation.

(4) Plaintiff SHALL notify the Court by October 30, 2019, and every three (3) months thereafter of the current status of the proceedings and when this action is ready to proceed.

(5) Further, all pending motions are DENIED as MOOT in light of the arbitration with leave to renew if appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this _15_ of July 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record